UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTWAN WILLIAMS,

       Petitioner,

v.                                          Case No. 2:04-cv-114
                                                HON. R. ALLAN EDGAR

FABIAN LAVIGNE,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Antwan Williams filed this petition for writ of habeas corpus challenging the validity of his state court conviction for second degree murder and conspiracy to commit first degree murder. Petitioner was convicted at trial and on July 22, 1999, was sentenced to a prison term of two concurrent life sentences.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

On or about midnight on August 30, 1995, Petitioner, along with his co-defendants Lamont Heard, Kevin Harris and Bobby Smith, shot and killed Lonnie Adams. Evidence offered at trial showed that Petitioner got into an argument with the victim on the night of the shooting. The four defendants discussed killing Adams, and later that evening were seen dressed in black clothing and

carrying weapons.  Witnesses heard gunshots and saw four men matching the description of the defendants stand around Adams while shooting at him.

Petitioner has raised the following issues in his petition: (1) Petitioner's convictions are against the great weight of the evidence, (2) The prosecutor's misconduct deprived the petitioner of his right to confrontation, due process, and a fair trial, (3) The prosecutor engaged in misconduct by suggesting that certain witnesses could not have been charged with crimes in connection with the crimes defendant was accused of, and this constituted a denial of due process and a fair trial, (4) The trial court failed to properly instruct the jury on the issue of abandonment, (5) The trial court denied the petitioner his sixth amendment right to a public trial by clearing the courtroom during the testimony of a witness, (6) Petitioner's convictions of second degree murder and conspiracy to commit first degree murder are logically inconsistent and must be set aside, (7) The petitioner was deprived of his right to due process when the trial court failed to instruct the jury that the verdict had to be unanimous, and (8) The cumulative effect of the individual errors operated as a whole to deprive Petitioner of due process and a fair trial.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective.  Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute.  Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Id.*

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d at 1134. The habeas corpus statute has long provided that the factual findings of the state

courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata,* 449 U.S. 539, at 546 (1981); *Smith v. Jago*, 888 F.2d 399, at 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, at 360-61 (6th Cir. 1998), *cert. denied*, 577 U.S. 1040 (1999).

  Petitioner first alleges that his convictions are against the great weight of the evidence. The Michigan Court of Appeals addressed this issue, stating that there was sufficient evidence to support a conviction. A federal court sitting in habeas corpus review of a state criminal trial is to determine whether there was sufficient evidence of the essential elements of the crime to justify <u>any</u> rational trier of fact to find guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The evidence is to be considered in the light most favorable to the prosecution. *Id.* It is clear that the evidence was sufficient to establish that petitioner committed the crime. Witnesses saw four men matching the defendants shoot Adams in the back, and again once he was on the ground. Two witnesses testified that they were present when the four defendants formed the conspiracy to kill Adams. One witness stated the Petitioner confessed his involvement to him after the fact. *People v. Williams*, No. 222019, Mich. Ct. App., at 13 (2002). The evidence satisfies the elements of conspiracy to commit first degree murder and of second degree murder. The appellate court's opinion is not contrary to clearly established federal law as interpreted by the Supreme Court, nor is it an unreasonable determination of the facts in light of the evidence presented. It is my opinion that the petition should be denied as to this issue.

Petitioner's second and third claims are that the prosecutor's misconduct deprived Petitioner of his right to confrontation, due process, and a fair trial. The prosecutor, during closing argument, stated that defense counsel's role is to mislead the jury, appealed for conviction through sympathy to the victim, argued non-evidence, and argued facts not in the record. The standard for granting a habeas corpus petition for prosecutorial misconduct is articulated in *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). The petitioner must show that the prosecutor's statements "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id.* at 643. The Sixth Circuit has adopted a two-part test to determine whether misconduct has violated a petitioner's due process rights. First, the court must determine whether or not the remarks were improper. *Macias v. Makowski,* 291 F.3d 447, 452 (6th Cir. 2002). Second, the court must apply the test articulated in *United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994), to determine whether the impropriety rises to the level of a violation of due process rights. The court must determine four things: whether the conduct and remarks of the prosecutor tended to mislead the jury or prejudice the defendant, whether the conduct or remarks were isolated or extensive, whether the remarks were deliberately or accidentally made, and whether the evidence against the defendant was strong. *Id.* at 1385. The Michigan Appellate Court addressed each of Petitioner's claims under this standard and found no prejudicial misconduct. Where misconduct was found, it was cured by an immediate instruction by the trial judge to disregard the inappropriate remarks. *People v. Williams* at 3-5. The Michigan Court of Appeals' ruling was not contrary to either federal law or the standard articulated in *United States v. Carroll* and did not improperly determine facts in light of the evidence. It is therefore my recommendation that the petition be denied with respect to these two issues.

Petitioner's fourth issue is that the jury was improperly instructed as to the appropriate legal standard for abandonment. Petitioner argues that the jury was instructed that

abandonment is a defense to conspiracy to commit murder, which is an inaccurate statement of the law in Michigan. However, the Michigan Court of Appeals found that the given instruction stated that abandonment is a defense to aiding and abetting a conspiracy to commit murder, and that this instruction was not legally erroneous. *People v. Williams* at 6-7. The court also found that the instructions, as a whole, were fair and did not warrant a reversal. *Id.* at 8. In order for this petition to be granted on these grounds, the petitioner must show that not only was the instruction erroneous, but that it violated some right guaranteed by the Fourteenth Amendment. *Cupp v. Naughten*, 414 U.S. 141, 146 (1973). The instruction in question must also be so flawed that it ". . .so infected the entire trial that the resulting conviction violates due process." *Id.* at 147. Petitioner does not contend that any of his constitutional rights under the Fourteenth Amendment were violated, nor does he make any showing that the instruction rendered the entire trial in violation of due process. It is my recommendation that the petition be denied on this ground.

In his fifth claim, Petitioner claims that his Sixth Amendment right to a public trial was violated when the courtroom was cleared for the testimony of a witness, Alisha Scruggs.[1] There is a presumption in favor of an open and public trial, but this right is not absolute and may be weighed against other compelling interests. *Press-Enterprise Co. v Superior Court*, 464 U.S. 501, 509-510 (1984). The Supreme Court has adopted a four-part test to determine whether a defendant's right to a public trial is outweighed by those other compelling interests. First, the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced. Second, the closure must be no broader than necessary to protect that interest. Third, the trial court must consider other alternatives to closing the court. Finally, there must be findings made to support the

---

[1] Petitioner was present in the courtroom for Scruggs' testimony.

closure. *Waller v. Georgia*, 467 U.S. 39, 48-50 (1984). The Michigan Court of Appeals determined that the closure of the courtroom was not a violation of Petitioner's due process rights. The Court of Appeals found that the interest in closing the trial were that threats were made against the witness's life, and she feared that if she testified to the identities of the shooters that she would be in danger. The closure only occurred during specific parts of the witness's testimony, and only after the witness refused to name the men she saw shoot the decedent Adams. *People v. Williams* at 10. The trial court attempted to develop that testimony before closing the court, but to no avail. There were also adequate findings made to support the closure. *Id.* at 10. Petitioner has failed to show that the Michigan Court of Appeals' ruling violated the standard set forth in *Waller v. Georgia* or any other Supreme Court precedent or federal law. Thus, I recommend that the petition be denied with respect to this claim.

Petitioner's sixth claim is that his convictions of second degree murder and conspiracy to commit first degree murder are logically inconsistent and must be set aside. Petitioner argues that one cannot hold the state of mind necessary for a conspiracy to commit first degree murder if one lacks the intent to elevate second degree murder to first degree murder. The Michigan Court of Appeals rejected Petitioner's claim, noting that inconsistency among jury verdicts is not grounds for reversal in Michigan. *People v Williams* at 14, citing *People v. Vaughn*, 409 Mich. 463,465; 295 NW2d 354 (1980). Petitioner makes no showing that the appellate court ruling is contrary to established federal law or in violation of any constitutional right. I recommend that this claim be denied.

Petitioner's seventh claim is that he was deprived of his right to due process when the trial court failed to instruct the jury that the verdict had to be unanimous. A standard instruction regarding unanimity was given to the jury, and the Petitioner argues that they should have been

instructed to reach a unanimous verdict on each alternate theory of the crime. The Michigan Court of Appeals found that Petitioner failed to establish that the standard jury instruction regarding unanimity was inadequate. *People v. Williams* at 14. Petitioner fails to show that the ruling was contrary to clearly established federal law. Moreover, the Supreme Court has previously held that a conviction under an instruction that did not require unanimous agreement on an alternate theory of premeditated murder and felony murder was not a due process violation. *Schad v. Arizona*, 501 U.S. 624, 631 (1991). I recommend that Petitioner be denied relief based on this claim.

Finally, Petitioner claims that the cumulative effects of the errors in his trial amount to a denial of due process and a fair trial. The appellate court did not find any substantial error under Petitioner's individual claims, and thus no accumulation of substantial error throughout the sum of Petitioner's claims. Petitioner does not present any more valid claims under this habeas petition, and since the appellate court's opinion was not shown to be contrary to clearly established federal law, I recommend that Petitioner not be granted relief on this final ground and that the petition be dismissed.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. The record contains sufficient evidence to sustain a finding of guilty beyond a reasonable doubt for both second degree murder and conspiracy to commit first degree murder. Whatever misconduct may have been committed by the prosecutor at trial did not rise to the level of seriousness necessary to prejudice the outcome of the trial, as the errors were comparatively slight and quickly corrected by the trial judge. The instructions to the jury regarding abandonment as a defense and unanimity of a verdict were not flawed to the level that would cause Petitioner's trial to be prejudiced or to deny him due process. The closure of the courtroom for the testimony of a witness fits the criteria outlined in *Waller,* and could not be considered grounds for reversal. Petitioner's claim that his convictions are logically inconsistent is not a cognizable claim for habeas corpus review. Finally, petitioner's claim of cumulative error rising to the level of prejudice does not warrant reversal, as there were no significant errors that could have accumulated. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley
        TIMOTHY P. GREELEY
        UNITED STATES MAGISTRATE JUDGE

Dated:   June 15, 2006