UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTWAN WILLIAMS

    *Petitioner*,

v.                                          Case No. 2:04-cv-114
                                            HON. R. ALLAN EDGAR

FABIAN LAVIGNE

    *Respondent*.

_____/

## MEMORANDUM AND ORDER

Petitioner Antwan Williams ("Williams") has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to Magistrate Judge Timothy P. Greeley for a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. L Civ R 72.1(d). On June 15, 2006, the Magistrate Judge submitted his report and recommendation that the habeas petition be denied and dismissed with prejudice. [Doc. No. 52]. Williams has filed objections to the report and recommendation. [Doc. No. 57].

After reviewing the record *de novo*, the Court concludes that Williams' objections are without merit. The Court **ACCEPTS** and **ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b). The habeas petition shall be **DENIED** and **DISMISSED WITH PREJUDICE**. A separate judgment will enter.

It is necessary to discuss one objection concerning Williams' eighth and last claim that cumulative errors deprived him of a fair trial and amount to a violation of his right to due process protected by the Fourteenth Amendment to the United States Constitution.  After Williams was convicted at trial, he took a direct appeal to the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed the judgment of conviction and dismissed the appeal. *People v. Williams* (No. 222019), 2002 WL 1424420 (Mich. Ct. App. June 28, 2002)), *application to appeal denied*, 468 Mich. 872, 659 N.W. 2d 238 (Table, text in 2003 WL 1788808 (Mich. Sup. Ct. March 31, 2003)). The Michigan Court of Appeals considered this same claim and reached the following conclusion:

> Finally, defendant argues that he was denied a fair trial by the cumulative effect of the errors argued on appeal.  However, defendant's cursory argument fails to show that the cumulative effect of any errors that occurred undermined his due process rights... Following our review of the record, we conclude that defendant was not denied a fair trial because no errors of consequence occurred, and because the record shows that he suffered no serious prejudice from a combination thereof. *People v. Cooper*, 236 Mich.App 643,659-660;601 NW2d 409 (1999); *People v. Griffin*, 235 Mich.App 27, 46; 597 NW2d 176 (1999).

*Williams*, 2002 WL 1424420, at * 12.

In reviewing the habeas petition under 28 U.S.C. § 2254, the Magistrate Judge states in the report and recommendation [Doc. No. 52,p.8]:

> Finally, Petitioner claims that the cumulative effects of the errors in his trial amount to a denial of due process and a fair trial.  The appellate court did not find any substantial error under Petitioner's individual claims, and thus no accumulation of substantial error throughout the sum of Petitioner's claims.  Petitioner does not present any more valid claims under this habeas petition, and since the appellate court's opinion was not shown to be contrary to clearly established federal law, I recommend that Petitioner not be granted relief on this final ground and that the petition be dismissed.

2

In his objection [Doc. No. 57, pp.1-3], Williams argues that the Magistrate Judge has not applied the cumulative prosecutorial misconduct standard from *Brecht v. Abrahamson*, 507 U.S. 619 (1993), and *Houston v. Estelle*, 569 F. 2d 372 (5th Cir. 1978).  In *Brecht*, 507 U.S. at 638 n. 9, the Supreme Court, in the context of discussing the harmless error rule, observed in *dicta* in a footnote that it might be possible in unusual cases that "a deliberate and especially egregious error of the trial type, or one that is combined with a pattern of prosecutorial misconduct, might so infect the integrity of the proceeding as to warrant the grant of habeas relief, even if it did not substantially influence the jury's verdict."

This Court agrees with the Magistrate Judge's report and recommendation.  The Court writes separately to amplify and supplement the Magistrate Judge's correct conclusion.  Williams' objection and his argument concerning his claim that cumulative prosecutorial trial misconduct amounts to a denial of due process fails for the following reasons.

The Sixth Circuit recognizes that, in the context of applying the harmless error rules, trial errors that might not be so prejudicial as to amount to a deprivation of due process when considered alone or in isolation, may cumulatively produce a fundamentally unfair trial.  *United States v. Peyton*, 2006 WL 1479031, *5 (6th Cir. May 26, 2006); *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006); *Walker v. Engle*, 703 F.2d 959,963 (6th Cir. 1983.)  After reviewing the record, this Court  agrees with the Michigan Court of Appeals decision in *Williams*, 2002 WL 1424420, at *2, quoted *supra,* that Williams was not denied a fair trial.  The cumulative effect of the alleged trial errors and prosecutorial misconduct is minimal and did not cause Williams to suffer substantial prejudice.  In sum, the cumulative effect of the alleged trial errors does not amount to a violation or

3

denial of Williams' right to due process protected under the Fourteenth Amendment to the United States Constitution. Williams has not met his burden of showing that the instant case is an exceptional or extraordinary one where the "cumulative error" principle may be invoked. The mere addition of numerous insubstantial complaints of trial error will not lead to a successful "cumulative error" argument. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Nichols v. Bell*, 2006 WL 2065414, *108 (E.D. Tenn. July 25, 2006).

Furthermore, the Magistrate Judge explains in the report and recommendation that this Court's review of the habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Pursuant to AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The AEDPA limits the source of law to cases directed by the United States Supreme Court. 28 U.S.C. § 2254(d) prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F. 3d 1131, 1134 (6th Cir. 1998).

To justify a grant of habeas relief under § 2254(d), a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its *dicta*, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362 (2000). The Supreme Court

in *Williams* held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 413. A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state court's adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. Further, the federal habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id*.

28 U.S.C. § 2254(d) has a significant impact on the analysis of Williams' due process claim predicated on the theory of a cumulative effect of alleged trial errors and prosecutorial misconduct. The United States Supreme Court has not held that distinct federal constitutional claims or trial errors that do not individually warrant habeas can be cumulated to support granting habeas relief. *Gillard*, 445 F. 3d at 898; *Moore v. Parker*, 425 F. 3d 250, 256 (6th Cir. 2005); *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Consequently, the decision by the Michigan Court of Appeals in Williams' case is not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court because Williams' individual assignments of trial error do not support habeas relief under 28 U.S.C. § 2254(d), and the cumulative effect thereof is likewise insufficient. *Gillard*, 445 F.3d at 898; *Moore*, 425 F.3d at 256; *Carter v. Mitchell*, 2006 WL 2334853, *47 (S.D. Ohio Aug.10,

2006); *Paredes v. Vasbinder*, 2006 WL 1851253, *12 (E.D. Mich. June 30, 2006).  In short, when this Court applies 28 U.S.C. § 2254(d), it cannot be said that the decision by the Michigan Court of Appeals is contrary to or an unreasonable application of any United States Supreme Court decision so as to warrant granting habeas relief to Williams' under § 2254.  Accordingly, Williams' objection to the report and recommendation is **DENIED**.

Any appeal by Antwan Williams from this decision would be frivolous.  He has not made a substantial showing of a denial of a constitutional right.  For the reasons expressed by the Magistrate Judge in the report and recommendation, a certificate of appealability is **DENIED** to Antwan Williams under 28 U.S.C. § 2253(c).

SO ORDERED

ENTER this the 30th day of August, 2006.

        */s/ R. Allan Edgar*
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE